### DAVIS, WILL OF, In Re.
Probate Court, Franklin County.
No. 107038.   Decided August 19, 1943.

Max H. Gumble, for proponent of Will.

### OPINION

By McCLELLAND, J.

This matter comes before the court upon an application to admit to probate a document executed according to law, purporting to be the Last Will and Testament of the testator therein named, which instrument was executed on February 1, 1938, and also an alleged Codicil to said Will, which was executed on April 11, 1942. The witnesses to both the Will and Codicil testified that they saw the testator sign his name and that they subscribed their names thereto as attesting witnesses in his presence and in the presence of each other, and that at the respective times of executing the Will and Codicil the testator was of sound mind and under no restraint.

When the Codicil was exhibited to the court it was found that a certain item of the Codicil had been completely covered with a heavy application of ink so as to render that item completely illegible to the naked eye. Immediately after the illegible item were found these words: "This item was cancelled by me July 20, 1942." and then appears the signature of the testator. The witnesses to the Codicil testified that there was no such ink as above mentioned, nor was there any writing as above set forth upon the Codicil.

It is well settled by the Ohio law that if a testator draws a line through any item of the will with the intention of revoking that item and the item remains legible, the will shall be probated as originally executed before the attempted revocation.

"In such case, when all the words of such clause remain legible, the whole will should be admitted to probate, including such erased clause as a valid part of said will." Giffin v. Brooks, 3 O. C. C., 110.

This decision was approved by the Supreme Court of Ohio in 48 Ohio State Reports, at page 211, the syllabus of which contains the exact language of the syllabus in the lower court.

In the case at bar, however, the questioned portion of the Codicil is entirely illegible to the naked eye. The first question then presented to this court is whether or not under the Ohio law a person may revoke a portion of the will in a manner not provided by the statute. Revocation of wills in Ohio is purely statutory. Section 10504-47 GC, reads as follows:

"A will shall be revoked by the testator tearing, cancelling, obliterating or destroying it with the intention of revoking it, by the testator himself, or by some person in his presence, or by his express written direction, or by some other will or codicil, in writing, executed as prescribed by this title, or by some other writing, signed, attested and subscribed, in the manner provided by this title for the making of a will, but nothing herein contained shall prevent the revocation implied by law, from subsequent changes in the condition or circumstances of the testator."

At §175, p. 374, under the subject of wills, discussed in 41 O. Jur., we find the following language:

"The matter of the revocation of a will is controlled by statute, and the question whether a will may be revoked in part, or whether the revocation must go to the will as a whole, depends upon the terms of the statute. Where the statute merely specifies the different ways in which a will may be revoked, as is done in Ohio, by the weight of authority, in which the courts of Ohio concur, it is construed to permit of the revocation of a will only as an entirety, and no partial revocation is recognized. Thus, a clause of a will cannot be revoked by the testator drawing ink lines through the words thereof with an intent to revoke such clause, but not with intent to revoke the whole will. In such case, when the words of such clause remain legible, the whole will should be admitted to probate, including such erased clause as a valid part of such will."

The author then refers to the case of Giffin v. Brooks, 48 Oh.

St., 211, and also to the case of **Coghlin v. Coghlin, 79 Oh. St., 71.**

Upon an examination of the law in this matter we find a discussion of the particular question before the court in 62 A. L. R., at page 1376, at which page the author uses the exact language as used by the author of the subject of wills in 41 O. Jur., §175. The author discusses the case of Bigelow v. Gillott, reported in 123 Mass., page 102, in which the court held that under the law of Massachusetts as it existed at that time, one might effect a partial revocation of his will. The author at page 1377 uses the following language:

"This decision is criticized, and a conclusion to the contrary reached, in the case of **Giffin v. Brooks, 3 O. C. C., page 110,** affirmed in **48 Ohio State Reports, page 211,** where the court had before it similar statutes which had been modeled upon the Massachusetts statutes. So, in considering this statute in **Coghlin v. Coghlin, 79 Ohio State Reports, page 71,** the court said that it fully recognized that there can be no partial revocation; that if a portion only of a will is erased or cancelled, with intent to revoke that part only, but not with intent to revoke the whole will, the act will be ineffective; and if the cancelled part can be restored, or is legible, the will as a whole, including the cancelled portion, is subject to probate. In this case, it appeared that the testator tore the last leaf but one from its place in the will, and tore the detached leaf from top to bottom, and then tore these pieces crosswise, throwing them into the waste basket and leaving the will lying on his table. His act was attended by no expression whatever, and after thus tearing the will he left the house, leaving the remaining portions of the will on the table. In these circumstances it was held that the allegation that the will was revoked was not sustained by the evidence."

In the case at bar the court is therefore presented with one of two alternatives. The court may consider the item in question as illegible, and therefore deny probate to the entire instrument, or may the court use all feasible scientific methods to ascertain the language of the blotted item of the will, or in other words may the court by scientific methods make legible the illegible portion? In other words, should not the court in the exercise of its jurisdiction use all proper methods to carry out the intent of the testator as nearly as it is possible for the court to do? It is apparent that the testator in this case did not intend to revoke his entire will. He intended only to disturb his testamentary plan in one particular. If the court refuses to probate the entire will, he defeats absolutely the testamentary plan of the man who made the will. If it can render legible the illegible portion, it still is carrying out the original intent of the testator, with the exception only of the portion which has been rendered illegible. It is the opinion of this court that it should act in such a manner as to carry out as far as possible the intent of the testator. The Supreme Court of Ohio in the case of Coghlin

76

v. Coghlin, above referred to, restored a portion of the testator's will which had been destroyed by the testator with the intention of revoking only that portion of his will. It seems that this court, acting upon the same principle, can do no violence whatsoever to the law of wills by using scientific methods to ascertain the contents of the item in question. Therefore, with the consent of the widow, the life tenant, but not with the consent of the remainderman, who is a minor child, the court put the will in the hands of an expert, who used various photographic methods and various rays of light to ascertain the wording of the item under investigation. The expert reported that he was unsuccessful in the use of those methods. The court then, with the consent of the widow, the life tenant, directed the expert to use a liquid popularly known as ink eradicator. Upon the use of this the item immediately became legible.

Some question was raised at the hearing as to the right of the court to remove the ink with which the item was made legible, on the ground that the ink was a part of the will. It is the opinion of the court that the ink was not a part of the will. The ink was only the instrument by which the testator attempted to cancel one item of his will. In doing so the court is acting upon the same theory as that upon which the Supreme Court acted in its decision in the Coghlin case above referred to.

It is therefore the opinion of the court that the testator placed ink upon the item under investigation with the intent to revoke that item only; that the item in the eye of the law does remain legible; and that the Codicil should be admitted to probate in the original form in which it was executed by the testator. It is further ordered that the original will shall be admitted to probate with the Codicil as a part of the testamentary plan of the testator.